IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3135 |
| | ) | |
| v. | ) | |
| | ) | |
| MIZAEL BARAHONA-BERNAL, | ) | ORDER APPOINTING COUNSEL |
| | ) | |
| Defendant. | ) | |
| | ) | |

  On October 30, 2006, Donald B. Fiedler filed his Notice of Attorney Appearance, filing 14, in this case and on October 31, 2006, Magistrate Judge David L. Piester noted in his order, filing 16, that "New counsel has entered an appearance" and continued the trial to December 11, 2006.  On November 27, 2006, at a detention hearing before Magistrate Judge Piester, the government's oral motion for detention was denied and the defendant was remanded to the custody of the U.S. Marshal pending the posting of $1,000 of a $5,000 appearance and compliance bond.  At that same hearing, counsel for the defendant moved and Magistrate Judge Piester granted a motion to continue trial and set trial for March 26, 2007.  On November 19, 2006, an Appearance and Compliance Bond in the amount of $1,000 was posted by the defendant.

  On March 13, 2007, counsel for the defendant filed an Unopposed Motion to Continue Trial, filing 26, along with a Speedy Trial Waiver, filing 27, stating that "the Defendant is still in the process of preparing his defense, . . there was a massive amount of discovery that has been received . . .and counsel is in the midst of investigating the materials provided in order to prepare a defense."  Defense counsel requested a continuance in the trial date for an additional 60 days stating that he has previous commitments but would be available the entire month of August.  The magistrate judge continued the trial to August 6, 2007.

  On June 20, 2007, defendant's counsel filed an Unopposed Motion to Continue Trial, filing 31, and a Speedy Trial Waiver, filing 32.  The motion states that "Counsel has been recently diagnosed with a tumor, which doctors say has a ninety percent chance of being malignant."  Magistrate Judge Piester granted the motion and continued the trial to November 5, 2007.  On August 27, 2007, an Unopposed Motion for Reconsideration, filing 34, was filed by the government and in a conference with counsel and me held on August 27, 2007, I determined that the trial should be continued to December 10, 2007,

"Because the ends of justice will be served by granting such a motion, and outweigh the interests of the public and the defendant in a speedy trial, the time between August 27, 2007, and December 10, 2007, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the parties require additional time to adequately prepare the case, taking into consideration due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B)."

On November 15, 2007, a Motion to Continue Trial with an attached Speedy Trial Waiver, filing 36, were filed by the defendant. In the motion defendant's counsel elaborated on his current medical condition and requested the trial be continued until January 28, 2008. The Order, filing 37, entered by the magistrate judge granted that motion.

On January 11, 2008, defense counsel filed a Motion to Continue Trial, filing 38, along with a Speedy Trial Waiver, filing 40. Defense counsel requested a continuance in the trial because the chemotherapy has "zapped counsel's energy, and . . . [he] will undergo another 3 days of chemotherapy . . . based on health concerns and conflicts with chemotherapy, Counsel will not physically be able to proceed." On January 15, 2008, Magistrate Judge Piester continued the anticipated ten-day trial to April 28, 2008.

On April 11, 2008, filing 43, the defendant's counsel filed another motion to continue with an attached Speedy Trial Waiver, in which he said that because after completing the first round of chemotherapy, "a cat-scan revealed that another round of chemotherapy is necessary." Those "treatments occur everyday during the weeks of April 7, April 28, and May 19, 2008." On April 14, 2008, Magistrate Judge Piester continued the trial to June 16, 2008.

On April 15, 2008, in a telephone conference with Mr. Gillan, Mr. Fiedler and me, the cancer treatments' impact on defense counsel's stamina and the riggers of a complex, ten-day jury trial were discussed. Retained defense counsel agreed that if his client would consent he would be receptive to having an assistant counsel appointed to aid in the preparation and trial of this case.

On May 15, 2008, the court received word of the death of the defendant's counsel and has a financial affidavit dated May 19, 2008, which is deemed adequate to make the defendant eligible for appointment of a substitute counsel under the Criminal Justice Act. Brent Bloom in a telephone conference with me today said that he is willing to accept such an appointment.

IT THEREFORE IS ORDERED that:

1. Brent Bloom is appointed to represent the defendant in this matter under 18 U.S.C. § 3006A; and

2. the trial of this matter is continued to September 22, 2008, at 9:00 a.m., and the time between today and September 22, 2008, shall be deemed excluded time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial due to the health and death of retained counsel and the fact that newly appointed counsel needs additional time to adequately become familiar with this case and assist in the preparation of the case, taking into consideration due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B);

Dated May 21, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge