IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )         4:06CR3135
                                )
        v.                      )
                                )
                                )
MIZAEL BARAHONA BERNAL,         )         REPORT, RECOMMENDATION,
                                )               AND ORDER
                Defendant.      )
```

Defendant has filed a motion to suppress the evidence obtained as a result of a search, pursuant to a warrant issued by this court, of his business, "Highway 6 Auto Sales," located at 1136 West "J" Street, Hastings, Nebraska. The warrant application and the warrant are found in the records of this court at In the Matter of the Search of Highway 6 Auto Sales, 1136 West "J" Street, Hastings, Nebraska, 4:06MJ3046-RGK (sealed). The warrant was issued on October 13, 2006 by the Hon. Richard G. Kopf, United States District Judge, granting an application of Michael R. Wagoner,[1] Special Agent of the Federal Bureau of Investigation. Defendant's motion claims that the warrant application failed to establish probable cause, and that the "good faith" exception of United States v. Leon, 468 U.S. 897 does not apply.

Whether the application here established probable cause to believe that the premises to be searched then contained evidence of a crime is, perhaps, a question in this case. Rather than parse the language to consider that question, I shall assume, for the

---

[1] The affiant's name is misspelled "Wagner" in the affidavit and application. See Filing 58-2.

sake of deciding this motion, that the application did not set forth facts sufficient to establish a "fair probability" that such evidence would be found. Illinois v. Gates, 462 U.S. 213, 238 (1983). Therefore, I proceed to the defendant's arguments under Leon. See United Stated v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) (Court may consider applicability of good-faith exception to exclusionary rule before reviewing the existence of probable cause).

In Leon the Supreme Court held that evidence obtained pursuant to a search warrant application that lacked probable cause should not be suppressed if the officers who executed the search objectively reasonably relied in good faith on the legitimacy of the defective warrant. 468 U.S. at 921-23. ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." 468 U.S. at 921). There are, however, the Court noted, four circumstances in which this good faith exception cannot be applied:

> (1) The magistrate issuing the warrant was misled by statements made by the affiant that were false or made "in reckless disregard for the truth";
>
> (2) The issuing magistrate wholly abandoned his or her judicial role;
>
> (3) The affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
>
> (4) The warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid."

468 U.S. at 923.

In this case defendant's motion claims that the third exception applies. However, the defendant's brief filed in support of the motion is entirely and solely on the issue of whether probable cause was shown in the affidavit; the applicability of the "good faith" exception is not addressed. The local rules of this court provide:

> A motion raising a substantial issue of law must be supported by a contemporaneously filed brief. The court may treat a party's failure to file a brief as an abandonment of the motion.

NECrimR 12.3(b)(1). Although the court could treat the matter abandoned, I shall address it.

The government has filed an affidavit of Michael R. Wagoner to the effect that he subjectively believed that the court's consideration of the warrant application was thorough and objective, and that he had no reason to question its validity. The question to be addressed by the court, therefore, is whether Wagoner's belief, with the apparent concurrence by the officers executing the warrant, was reasonable.

The fact that the warrant was issued by an experienced federal district judge is of considerable weight. The finding of probable cause by such a judge would give any officer great pause in questioning such a finding, even if s/he thinks another judge might not have reached the same conclusion. See, e.g. Leon 468 U.S. at 926 (officers' reliance on the warrant was reasonable when the affidavit "provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause"); United States v. Terry, 305 F. 3d 818, 825 (8th Cir. 2002) (officers' reliance on warrant's validity reasonable when they knew the same information had been reviewed by a

3

prosecutor in another county and a state court judge there had issued a warrant).

The most serious of the defendant's challenges to the validity of the warrant is that the information in it was stale. The defendant points out that most of the activities described in the affidavit took place in the distant past, and the most recent information connecting the place to be searched and any criminal activity was a description of a purchase of methamphetamine that occurred on August 13, 2006, two months before the issuance of the warrant.

In the context of applying the third exception of Leon, the Eighth Circuit Court of Appeals recently stated:

> "There is no bright-line test for determining when information is stale .... Time factors must be examined in the context of a specific case and the nature of the crime under investigation." United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007), cert. denied, 552 U.S. ----, 128 S.Ct. 875, 169 L.Ed.2d 737 (2008) (quoting United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993)). In United States v. Maxim, we held that four-month-old information indicating that the suspect possessed firearms was not stale because survivalists and firearm enthusiasts retain their weapons for a long period of time. 55 F.3d 394, 397-98 (8th Cir. 1995). In United States v. Rugh, we held that an officer had a good-faith reliance on a warrant even though it contained sixteen-month-old information that the suspect possessed child pornography because pedophiles tend to retain such materials for long periods of time. 968 F.2d 750, 753-54 (8th Cir. 1992). In this case, Porter sought to store Gregory's car on the informant's grandparents' land for a couple of days, but the car remained on the land for nearly two months. Because our case law suggests that firearms may be retained for long periods of time and because Porter failed to destroy other evidence expeditiously, Deputy Wallace reasonably could have believed that Porter had given Perry the .22 caliber rifle and that

> Perry had retained the rifle eight months after the homicide. Although this evidence may be insufficient to support a probable cause finding, we do not think the information was clearly stale such that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See Rugh, 968 F.2d at 753-54.

United States v. Perry, 531 F.3d 662, 665-66 (8th Cir. July 8, 2008).

As applied to this case, the totality of the circumstances demonstrated a "fair probability" that a longstanding and continuing drug trafficking operation was being conducted from the defendant's business, Highway 6 Auto Sales. Even though there were no known recent transactions that had taken place at the business, the historic information could lead a reasonable officer to believe that it was sufficient to justify the probable cause finding that was made by Judge Kopf and that, therefore, the search warrant was valid.

Because there are no issues of fact concerning the applicability of the Leon good faith exception to the exclusionary rule, an evidentiary hearing is unnecessary. Therefore, defendant's request for a hearing will be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Hon. Warren K. Urbom, United States Senior District Judge, that the motion to suppress, filing 53, be denied in all respects.

The parties are notified that failure to object to this Report and Recommendation in accordance with the court's local rules may be held to be a waiver of the court's adoption of the recommendation.

FURTHER, IT HEREBY IS ORDERED:

1.  The defendant's request for evidentiary hearing is denied.

2.  Trial of this matter is set to commence before the Hon. Warren K. Urbom, United States Senior District Judge at 9:00 a.m. on **October 27, 2008** in Courtroom #4, United States Courthouse, Lincoln, Nebraska.  Jury Selection will be at commencement of trial.  Trial is scheduled for a duration of five trial days.

DATED August 18, 2008

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge